## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ROGER BELL**                                                 )
**5440 85th Avenue**                                           )
**Unit 12**                                                    )
**New Carrollton, MD 20784**                                   )
                                          **Plaintiff**         )          **Civil Action No:**
                    **v.**                                      )
                                                               )
**EAST RIVER FAMILY**                                          )
**STRENGTHENING COLLABORATIVE,**                              )
**INC.**                                                       )
**3917 Minnesota Avenue, NE**                                  )
**Washington, D.C. 20019**                                     )
**To be served on:**                                           )
**Registered Agent, Eric Cobbs**                               )
**30 N Street NW**                                             )
**Washington, D.C. 20001**                                     )
                                                               )
                                                               )
                                          **Defendant**        )

## COMPLAINT

Now comes Plaintiff, Roger Bell, by and through his undersigned lawyers, and states as follows for his Complaint against Defendant East River Family Strengthening Collaborative, Inc.

Defendant fired Mr. Bell after he complained to District of Columbia officials as well as his supervisors, including but not limited to Deputy Director Sharafdeen Ibraheem, Director of Family and Youth Programs Artherelle West, and Executive Director Mae Best, about gross misuse and waste of public resources or funds, gross mismanagement in connection with Defendant East River's contract with the District of Columbia. The termination violated The Employees of District Contractors and Instrumentality Whistleblower Protection Act, D.C. Code § 2-223.01 et seq. (2010).

Defendant wrongly accused Mr. Bell of participating in a scheme to defraud the District Government, and terminated him for that excuse, which Defendant knew to be false. Worse,

Sharafdeen Ibraheem, Director of Family and Youth Programs Artherelle West, and Executive Director Mae Best defamed Mr. Bell by telling third parties, including but not limited to Department of Youth Rehabilitative Services officials that Mr. Bell participated in a scheme to defraud the District government.

## I. JURISDICTION AND PARTIES

1.   This lawsuit is brought pursuant to the Employees of District Contractors and Instrumentality Whistleblower Protection Act D.C. Code § 2-223.01 et seq.

2.   This Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and because Plaintiff is a citizen of Maryland suing, among others, East River, which is a District of Columbia Corporation, for unlawful acts that took place in the District of Columbia.

3.   Defendant East River had a contract with the District of Columbia to mentor at-risk youth who reside in the District of Columbia, which placed Defendant East River under the purview of the Employees of District Contractors and Instrumentality Whistleblower Protection Act D.C. Code § 2-223.01 et seq.

4.   Defendant East River has its primary place of business in the District Columbia, at 3917 Minnesota Avenue, NE Washington, D.C. 20019.

5.   In Fiscal Year 2018 Defendant East River has/had contract with the District of Columbia which calls for payment of $4 million dollars to the Defendant.

6.   Mae Best is East River's Executive Director.  Ms. Best is a "Supervisor" under the Employees of District Contractors and Instrumentality Whistleblower Protection Act D.C. Code § 2-223.01(9) because Plaintiff reported to Ms. Best, and Ms. Best had the authority to hire, transfer, suspend, promote, discharge, reward or discipline other employees, as well as the

authority to direct and evaluate Plaintiff's work performance, among other duties and responsibilities listed in the Act.

7.   Sharafdeen Ibraheem is East River's Deputy Director.  Mr. Ibraheem is a "Supervisor" under the Employees of District Contractors and Instrumentality Whistleblower Protection Act D.C. Code § 2-223.01(9) because Plaintiff reported to Mr. Ibraheem, and Mr. Ibraheem had the authority to hire, transfer, suspend, promote, discharge, reward or discipline other employees, as well as the authority to direct and evaluate Plaintiff's work performance, among other duties and responsibilities listed in the Act.

8.   Artherelle West is East River's Director of Youth & Family Services.  Ms. West is a "Supervisor" under the Employees of District Contractors and Instrumentality Whistleblower Protection Act D.C. Code § 2-223.01(9) because Plaintiff reported to Mrs. West, and Mrs. West had the authority to hire, transfer, suspend, promote, discharge, reward or discipline other employees, as well as the authority to direct and evaluate Plaintiff's work performance, among other duties and responsibilities listed in the Act.

9.   Plaintiff Roger Bell was an "employee" under the definition provided in the of Employees of District Contractors and Instrumentality Whistleblower Protection Act D.C. Code § 2-223.01(3) because he was employed as a full time employee by Defendant East River.

10. Plaintiff is a resident of the State of Maryland.

## II.  PERTINENT FACTS

11. Plaintiff was responsible for designing and overseeing Defendant East River's mentoring program, including overseeing most aspects of the mentoring contract, including supervising employees who conduct the mentoring, approving employee time and submitting requests for expenditures related to mentoring activities and meals with the at-risk youth.

12. On October 19, 2017, Plaintiff complained, internally to Ms. West, that Defendant East River was not using funds that were provided by the District, pursuant to the Defendant's contract with the District, for authorized activities and travel for Defendant East River's staff to meet with the at-risk youth they serviced.   Ms. West told Plaintiff to find free activities to do with the children and that no additional funds would be made available until the following month. This violated East River's contract with the District's Department of Youth Rehabilitative Services (DYRS), which provided for monthly amounts to be expended on services for the at-risk youth.

13. In October and November 2017, Plaintiff advised DYRS Program Manager about the mismanagement of funds that was supposed to be available for activities for the children.

14. On November 30, 2017, Defendant East River failed to timely pay staff salaries. Plaintiff informed DYRS about this mismanagement of contract funds on or about November 30, 2017 (i.e., that the Defendant East River was not timely meeting its payroll obligations with its contract funding).

15. On December 12, 2017, Ms. Best made an announcement at an internal Defendant East River meeting, stating that "it does no good for staff to go to the funders with complaints."

16. On December 14, 2017, Mr. Bell complained, internally (a complaint which was forwarded to West, Best and Ibraheem), that he had not received a salary increase that Defendant East River was required to pay him under the contract with DYRS.  In effect, East River was profiting by withholding some of the money that was supposed to be paid Plaintiff by way of salary.

17. Plaintiff discussed his concerns (described above) about East River's mismanagement or diversion of contract funds during a January 2018 meeting at which Defendant East River's

leadership, including Best, Ibraheem and West attended along with representatives the D.C.
Department of Youth Rehabilitation Services.

18. Also in January 2018, Plaintiff reported to the DYRS Program Manager that the
budget should be revised to remove some "indirect costs" for two East River employees who had
been converted to contract positions and for whom benefits would not be paid.

19. After Plaintiff made the complaints explained above, on January 23, 2018, Ms. West
(on information and belief in coordination with Best and Ibraheem) issued Plaintiff a critical
performance evaluation, which, among other things, counseled him for communicating about
Defendant East River internal problems to the DYRS Program Manager.

20. During several meetings between November and January 2018, Plaintiff reported to
East River's leadership – including Best, West and Ibraheem – that employees were misreporting
the time that they were working or were simply being paid for time that they spent not working.

21. Beginning in January 2018 and continuing into April 2018, Plaintiff additionally
reported to Best, West and Ibraheem that employee Danielle Crouch had been demanding to be
paid for hours she did not work and he stated that he had proof that the hours she claimed were
false.

22. Plaintiff's complaints – both to the DYRS Program Manager, and internally to
Defendant East River and Best, West and Ibraheem were protected disclosures under The
Employees of District Contractors and Instrumentality Whistleblower Protection Act, D.C. Code
§ 2-223.01(7) ("The Whistleblower Protection Act").

23. Following Plaintiff's disclosure about Ms. Crouch's attempts to be paid for time she
did not work, Ms. Crouch accused Plaintiff and two other supervisors of participating in a
kickback scheme, in which she would put in an inflated number of hours, receive compensation

to which she was not entitled, then split the additional compensation with the involved supervisors.

24. Defendant, by and through its supervisory employees, knew the accusation against Plaintiff to be false. To wit, Defendant only terminated Plaintiff, and it took no action against the other supervisors who Crouch had accused, and Defendant actually promoted one of the other accused managers to fill Plaintiff's position after he had been terminated.

25. Furthermore, Defendant conducted an internal investigation, which concluded that Ms. Crouch's allegations against Plaintiff were false.

26. Plaintiff was the only supervisor to make protected disclosures under the Whistleblower Protection Act.

27. Following Plaintiff's protected disclosures, Best, West and Ibraheem, acting as agents on behalf of Defendant East River, terminated Plaintiff – based on Crouch's false allegations.

28. On behalf of Defendant East River, Best, West and Ibraheem (and possibly other supervisors) willfully and maliciously set out to destroy Plaintiff's reputation in order to discredit him as a legitimate whistleblower.

29. In attempt to insulate Defendant East River from Plaintiff's whistleblowing complaints and to ensure that Plaintiff would not be able to outcompete Defendant East River on similar contracts with the District in the future, West, Best and Ibraheem – on behalf, and in the interest of East River – told the DYRS Program Manager that Plaintiff had participated in the kickback scheme, which Defendant and its supervisory employees knew to be false at the time. Best, West and/or Ibraheem told the DYRS Program Manager that Plaintiff had been fired as a result of (what they falsely claimed was) his involvement in the kickback scheme.

30.  In attempt to ensure that contractors that did similar work did not hire Plaintiff and gain an advantage on similar contracts (as a result of Plaintiff's good reputation and experience) with the District in the future, West, Best and/or Ibraheem – on behalf, and in the interest of East River – told the Executive Director of Good Projects, Inc. that Plaintiff had been fired because of his participation in the kickback scheme, which Defendant's supervisors knew to be false at the time.

31. Plaintiff learned about Defendant's defamatory statements when he spoke to the DYRS and the other contractor about opportunities for working together in the future. Consequently, Plaintiff believes that Defendant's defamatory statements have deprived him of future employment and/or contracting opportunities.

32. As evidence of Ms. Best's misuse of property that is intended to be used to service Defendant East River's clientele of at-risk youth, Ms. Best is currently using a car owned by Defendant East River for her personal use, which limits East River's employees from using the car to visit and for activities for the at-risk youth they service.

33. At all times relevant to this complaint, Best, West and Ibraheem were employees of Defendant East River, and they were acting in furtherance of Defendant East River's business interests – on behalf, and as agents of, Defendant East River.  Additionally, Best, West and Ibraheem's defamatory statements were made under the authority of their duties and positions with Defendant East River, such that the doctrine of respondeat superior applies to their unlawful conduct.

## COUNT I: WHISTLEBLOWER RETALIATION

34. Plaintiff restates each of the foregoing paragraphs as if they were restated here.

35. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendant East River under the protections of the Whistleblower Protection Act, D.C. Code § 2-223.01(3).

36. Between November 2017 and January 2018, Plaintiff made several "Protected Disclosures" to the Program Manager at DYRS and to supervisors at Defendant East River, including Best, West and Ibraheem.

37. Shortly after Plaintiff made his protected disclosures, Defendant, by and through its supervisory personnel, willfully and maliciously terminated him for reasons it knew to be false.

38. Defendant's termination of Plaintiff was a "Prohibited Personnel Action" under the Whistleblower Protection Act, D.C. Code § 2-223.01(6A).

39. As a result of the unlawful termination, Plaintiff has suffered economic damages and lost income.

40. Due to his lost income, Plaintiff was forced to withdraw funds from his 401(k) retirement account, causing him to income tax and an early withdrawal penalty, as well as lost future earnings on his 401(k) retirement account.

41. As a result of the unlawful termination, Plaintiff has suffered emotional pain and suffering, including humiliation, sleeplessness, and feelings of depression and anxiety.

42. Defendant's conduct toward Plaintiff was malicious and/or in reckless disregard for the Plaintiff's rights under the Whistleblower Protection Act.  Consequently Plaintiff is entitled to punitive damages in an amount to be determined by a jury.

## COUNT II: DEFAMATION

43. Plaintiff restates each of the foregoing paragraphs as if they were restated here.

44. One or more of Defendant East River's employees, including but not limited to Best, West and Ibraheem, communicated to the DYRS Program Manager, and to Good Projects, Inc., a

contractor that performs similar counseling services for at-risk children, the false statement that Plaintiff had been fired from Defendant East River for being actively involved in a scheme to defraud the District of Columbia government by stealing funds that were intended to be used on helping at-risk children.

45. These defamatory communications were made with Defendant East River's knowledge and authority and/or in furtherance of Defendant East River's business interests.

46. The fact that Defendant (through its supervisory personnel, Best, West and Ibraheem) knew the allegations against Plaintiff to be false, as explained above, demonstrates that Defendant was acting willfully and/or with actual malice toward Plaintiff.

47. By reason of Defendant's defamatory statements, Plaintiff suffered damages and injury, mental anguish, distress, and humiliation and economic loss.

48. Defendant's conduct in disseminating the defamatory statements showed maliciousness, spite, ill will, vengeance and a deliberate intent to harm Plaintiff, entitling Plaintiff to punitive damages in an amount to be determined by a jury.

## COUNT III: INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

49. Plaintiff restates each of the foregoing paragraphs as if they were restated here.

50. At all times relevant to the actions in this complaint, Defendant (through its supervisory personnel, Best, West and Ibraheem) knew that Plaintiff has made a 15-year career and profession out of providing services to at-risk youth in the District of Columbia metropolitan area. Indeed, Defendant hired Plaintiff because of his experience and skills in that regard.

51. Defendant knew that, following his termination, Plaintiff was likely to either work for a contractor that performed similar services for at-risk youth, to form his own contracting agency

to directly provide similar services or to work directly for the DYRS overseeing programs for at-risk youth in the District of Columbia metropolitan area.

52. Defendant's defamatory statements were purposefully and intentionally designed to interfere with Plaintiff's ability to form business relationships and procure contracts with the District of Columbia DYRS and other local governments and agencies.

53. Defendant's defamatory statements resulted in Plaintiff's inability to form business relationships and procure contracts and/or employment with the District of Columbia DYRS and other local governments and agencies

54. As a result of Defendant's conduct, Plaintiff suffered damages in the form of loss of income and benefits, and emotional pain and suffering.

55. Defendant's conduct was motivated by maliciousness, spite, ill will, vengeance and a deliberate intent to harm Plaintiff.  Accordingly, Plaintiff is entitled to and demands punitive damages in an amount to be determined by a jury.

## RELIEF REQUESTED

56. WHEREFORE, Plaintiff prays that this Court:

57. Declare that the Defendant's conduct complained of in this Complaint are unlawful because they 1) are defamatory and 2) violate the Employees of District Contractors and Instrumentality Whistleblower Protection Act, D.C. Code 2-223.01 et seq. (2010);

58. Order the Defendant to make the Plaintiff whole by paying Plaintiff: (1) economic damages, in excess of $75,000 as proved at trial; (2) compensatory damages in an amount to be determined at trial; and (3) punitive damages to be determined at trial;

59. Order the Defendant to pay the Plaintiff's attorneys fees and other costs of litigation; and

60. Grant such other and further relief to the Plaintiff as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully Submitted,

Leslie D. Alderman III (DC Bar No. 477750)
ALDERMAN, DEVORSETZ & HORA, PLLC
1025 Connecticut Ave., NW, Suite 615
Washington, DC 20036
Tel: 202-969-8220
Fax: 202-969-8224
lalderman@adhlawfirm.com
Attorney for Plaintiff